1  Ronald J. Fisher, Esq. (SBN: 298660)
       fisher@braunhagey.com
2  BRAUNHAGEY & BORDEN LLP
   351 California Street, 10th Floor
3  San Francisco, CA 94104
   Telephone: (415) 599-0210
4  Facsimile: (415) 599-0210

5  Jeffrey I. Kaplan, Esq. (*pro hac vice* to be submitted)
       jkaplan@kbsiplaw.com
6  Michael R. Gilman, Esq. (*pro hac vice* to be submitted)
       mgilman@kbsiplaw.com
7  KAPLAN BREYER SCHWARZ LLP
   90 Matawan Road, Suite 201
8  Matawan, NJ 07747
   Telephone: (732) 578-0103
9
   Attorneys for Plaintiff
10  LIMITED LIABILITY COMPANY
   "SMART SPACE"

11

12

13

14 **UNITED STATES DISTRICT COURT**

15 **NORTHERN DISTRICT OF CALIFORNIA**

16

17  LIMITED LIABILITY COMPANY "SMART SPACE",                  Case No. _____

18                          Plaintiff,                        **DEMAND FOR JURY TRIAL**

19              v.                                            **COMPLAINT FOR DECLARATORY JUDGMENT**

20  APPLE INC.,

21                          Defendant.

22

23

24

25

26

27

28

COMPLAINT

Plaintiff LIMITED LIABILITY COMPANY "SMART SPACE" ("Smart Space" or "Plaintiff"), a limited liability company of the Russian Federation, through its attorneys, for its Complaint against Defendant APPLE INC. ("Apple"), alleges as follows:

## INTRODUCTION

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to prevent breach of the implied covenant of good faith and fair dealing, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and/or intentional interference with contractual relationships.

2.      Smart Space operates food and goods warehouses throughout parts of the Russian Federation.  Starting in and around July 3, 2018 Smart Space, who was previously named RSA OOO, entered into the Apple Developer Agreement ("Agreement") and created, and has since been operating, a mobile application for the delivery of food and goods from its warehouses ("the app" or "Smart Space's app").

3.      The app was originally called "Magazinchik."  On April 23, 2019, the app was renamed "Самокат: быстрая доставка еды".  The app is currently called "Самокат: доставка еды и товаров".

4.      Prior to the worldwide Covid-19 outbreak, the app had approximately one hundred eighty eight thousand (188,000) users in Russia.  Since the Covid-19 outbreak the app's users have multiplied by approximately 17 times, and now has approximately 3.2 million users.  These users are primarily individuals seeking the delivery of food and goods to themselves and their families.

5.      On September 21, 2021, Apple notified Smart Space that a third party identified as Limited Liability Company "Samocat Sharing System" ("SSS"), filed a notice with Apple alleging that Smart Space's use of CAMOKAT in the name of the app infringed alleged Russian trademark rights of SSS in the name SAMOCAT and that a likelihood of confusion existed.

6.      Based upon this claim, SSS has demanded that Apple remove the app from Apple's App Store.

7.      Relevant portions of Apple's notice to Smart Space of September 21st, include the following:

We look forward to receiving written assurance that your application does not infringe Complainant's rights, or that the parties are taking steps to promptly resolve the matter. Please keep us apprised of your progress.

Please note that during the course of this matter:

1. Correspondence to Apple must include the reference number noted above in the subject line and copy the other party. All correspondence sent to Apple may be shared with the other party.

2. Written assurance of rights may include confirmation that your application does not infringe Complainant's rights, an express authorization from Complainant, or other evidence acceptable to Apple, and should include documentation wherever possible.

\*\*\*

5. Failure to respond to the Complainant or to take steps toward resolving a dispute may lead to removal of the app(s) at issue as in violation of the App Store Review Guidelines and/or the iOS Developer Program License Agreement. Please keep Apple apprised of your progress.

8.     Due to the extreme nature of this matter to Smart Space and the importance of maintaining the continued operation of the app for food and goods deliveries in Russia, Smart Space immediately sent to Apple, on September 23, 2021, its Written Assurance. The appendices and powers of attorney in support of the Written Assurance were filed the next day, September 24, 2021. In its Written Assurance, Smart Space's Russian trademark counsel provided to Apple various reasons under Russian trademark law why there is no likelihood of confusion between SSS's alleged rights in the mark SAMOCAT and Smart Space's use of CAMOKAT in the name of the app. The Written Assurance also noted that the parties had been in good faith negotiations to resolve their Russian trademark dispute, and that SSS's filing of the complaint with Apple is SSS's way of extorting a better settlement.

9.     Smart Space's Written Assurance met all of the conditions of Apple's September 21st notice described above.

10.     Since the commencement of the complaint with Apple by SSS and submission of the above Written Assurance, the parties have exchanged with Apple no less than seven (7) additional correspondence, as follows:

a.    A follow up email on September 25, 2021 from Smart Space to Apple reminding Apple that the Written Assurance Apple requested had been sent 2 days earlier, and that Smart Space was waiting on Apple's decision;

b.    An October 4, 2021 email from Apple to the parties stating that Apple's records show this matter is unresolved and requesting the parties to update Apple on the status;

c.    The October 6, 2021 written objections of SSS to Smart Space's Written Assurance;

d.    An October 7, 2021 email to Apple from Smart Space's below *pro hac vice* counsel, Michael Gilman, reemphasizing the urgency of the matter to Apple in an attempt to expedite Apple's decision so as to put an end to the uncertainty of not knowing if Smart Space's important app would be taken down and also notifying Apple of Smart Space's intent to file this Complaint and Motion for a Temporary Restraining Order and Preliminary Injunction if Apple's decision was not forthwith made;

e.    SSS's October 8, 2021 written objections to Mr. Gilman's email;

f.    The perplexing new email of October 8, 2021 from yet a third and different Apple representative, in the exact same format, and seeking the same information, as in the above October 4, 2021 email.  It is unclear if these communications from Apple are computer generated, or if the names used are actually real personnel employed by Apple; and

g.    An email from Apple to the parties on October 11, 2021, confirming Apple's receipt of the parties' update on the action and asking to be kept apprised of "any developments related to the pending court proceedings."

11.    Mr. Gilman also tracked down two other email addresses for Apple and sent two new emails on October 9, 2021, as follows to: (a) lawenforcement@apple.com; and (b) tcook@apple.com.

12.    As of the filing of this Complaint, Smart Space still does not know whether Apple will take down the app, or agree with Smart Space that Apple should not intervene as the trier of fact in this purely Russian trademark dispute and therefore not take action on SSS's complaint.

## JURISDICTION AND VENUE

13.     Jurisdiction of the subject matter of this action is conferred on this Court by, at least, 28 U.S.C. §§ 1332(a) and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

14.     Personal jurisdiction and venue are proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391, and based upon Section 17 of the contract between the parties entitled Governing Law.

## PARTIES

1.     Smart Space is a limited liability company of the Russian Federation having a principal place of business at Sedova Street, House 11, lit.A, Saint Petersburg, 192019 Russia.

2.     Apple is a California corporation with its principal place of business at One Apple Park Way, Cupertino, California 95014.

## FIRST CAUSE OF ACTION

### Declaratory Judgment to Prevent Breach of Implied Covenant of Good Faith and Fair Dealings

3.     Smart Space repeats and re-alleges paragraphs 1-16 hereof, as if fully set forth herein.

4.     Apple and Smart Space entered into a contract, namely, the Agreement.

5.     Smart Space has consistently and continuously done all, or substantially all, of what is required of it under the Agreement.

6.     All conditions imposed on Apple under the Agreement have occurred to date.

7.     Should Apple take down Smart Space's app a result of the third party complaint filed with Apple by SSS, such action would be a breach of the implied covenant of good faith and fair dealing of the Agreement as such action would not be fairly taken or in good faith since it would reflect Apple acting as the trier of fact in a purely Russian trademark dispute, between Russian entities that has been contested by Smart Space with its Written Assurance filed with Apple and pursuant to Apple's own instructions on how to contest such a claim.

8.     Based upon all of the above, an actual and justiciable case or controversy exists between Smart Space and Apple under the Agreement.

9.      If Apple takes down Smart Space's app, it will be in breach of the implied covenant of good faith and fair dealing and will irreparably harm Smart Space in an amount exceeding US $75,000, but believed to be far, far higher.

10.     Smart Space is entitled to a declaration that Apple does not act unfairly and in bad faith by intervening in a Russian trademark dispute between two Russian entities operating their business in Russia, and as such, Smart Space is entitled to a declaration that Smart Space has complied with Apple's terms and conditions requiring the Written Assurance, and injunctive relief enjoining Apple from removing the Smart Space app from its App Store based upon the SSS complaint.

## SECOND CAUSE OF ACTION

### Declaratory Judgment to Prevent Intentional Interference with Prospective Economic Advantage

11.     Smart Space repeats and re-alleges paragraphs 1-24 hereof, as if fully set forth herein.

12.     Through Smart Space's app it has existing economic relationships with its customers that benefit Smart Space.

13.     Through Smart Space's app it has the potential for innumerable economic relationships with prospective customers, all of which would be likely to benefit Smart Space.

14.     Apple has actual knowledge of the importance of the Smart Space app to Smart Space and its Russian customers through at least Smart Space's Written Assurance sent to Apple pursuant to Apple's own requirements sent by Apple with its notice to Smart Space of the SSS complaint.

15.     Smart Space and SSS having both actively advocated their respective positions to Apple as outlined above in this Complaint, it would be an independent, wrongful act by Apple if it were to intervene in the Smart Space/SSS dispute by being the trier of fact of that dispute, which dispute is based solely on Russian trademark law.

16.     Should Apple so intervene in the dispute by taking down the Smart Space app, it would show intent on Apple's part to disrupt Smart Space's existing and prospective economic

relationships.  In the alternative, such intervention by Apple would be with Apple's knowledge that its actions would cause disruption to Smart Space's existing and prospective economic relationships.

17.     Taking down the Smart Space app would cause disruption of Smart Space's existing and prospective economic relationships and harm to Smart Space, and there is a causal connection between this wrongful disruption by Apple and the harm to Smart Space.

18.     Based upon the above, an actual and justiciable case or controversy exists between Smart Space and Apple that if not resolved in favor of Smart Space will cause immediate and irreparable harm to Smart Space which is incalculable, as well as harm to all of the Russian citizens who use or want to use the Smart Space app, especially during the continuing Covid-19 crisis, so that immediate injunctive relief is required.

19.     Based upon the above, Smart Space will be irreparably harmed in an amount exceeding US $75,000, but believed to be far, far higher.

20.     Smart Space is entitled to a declaration that Apple not intervene in a Russian trademark dispute between two Russian entities operating their business in Russia, and as such, Smart Space is entitled to a declaration that Apple not take down the Smart Space app based upon the SSS complaint.

### **THIRD CAUSE OF ACTION**

**Declaratory Judgment to Prevent Negligent Interference with Prospective Economic Advantage**

21.     Smart Space repeats and re-alleges paragraphs 1-34 hereof, as if fully set forth herein.

22.     Through Smart Space's app it has existing economic relationships with its customers that benefit Smart Space.

23.     Through Smart Space's app it has the potential of having innumerable economic relationships with prospective customers, all of which would be likely to benefit Smart Space.

24.     Apple knew or should have known of the importance of the Smart Space app to Smart Space and its Russian customers through at least Smart Space's Written Assurance sent to

1 | Apple pursuant to Apple's own requirements sent by Apple with its notice to Smart Space of the
2 | SSS complaint.

3 | 25.     Smart Space and SSS having both actively advocated their respective positions to
4 | Apple as outlined above in this Complaint, Apple knows or should know that any action it may
5 | take to shut down the Smart Space app by intervening in the Smart Space/SSS dispute by inserting
6 | themselves as the trier of fact for that dispute that is based solely on Russian trademark law, would
7 | be a failure on Apple's part to act with reasonable care.

8 | 26.     Taking down the Smart Space app would cause disruption of Smart Space's existing
9 | and prospective economic relationships and harm to Smart Space, and there is a causal connection
10 | between this wrongful disruption by Apple and the harm to Smart Space.

11 | 27.     Based upon the above, an actual and justiciable case or controversy exists between
12 | Smart Space and Apple that if not resolved in favor of Smart Space will cause immediate and
13 | irreparable harm to Smart Space which is incalculable, as well as harm to all of the Russian citizens
14 | who use or want to use the Smart Space app, especially during the continuing Covid-19 crisis, so
15 | that immediate injunctive relief is required.

16 | 28.     Based upon the above, Smart Space will be irreparably harmed in an amount
17 | exceeding US $75,000, but believed to be far, far higher.

18 | 29.     Smart Space is entitled to a declaration that Apple not intervene in a Russian
19 | trademark dispute between two Russian entities operating their business in Russia, and as such,
20 | Smart Space is entitled to a declaration that Apple not take down the Smart Space app based upon
21 | the SSS complaint.

22 | **FOURTH CAUSE OF ACTION**
23 | **Declaratory Judgment to Prevent Intentional Interference with Contractual Relationships**

24 | 30.     Smart Space repeats and re-alleges paragraphs 1-43 hereof, as if fully set forth
| herein.

25 | 31.     Through Smart Space's app it has existing contractual relationships with its
26 | customers that benefit Smart Space.

27 |

28 |

7
COMPLAINT

32.     Apple knows of the contract between Smart Space and its Russian customers through at least Smart Space's Written Assurance sent to Apple pursuant to Apple's own requirements sent by Apple with its notice to Smart Space of the SSS complaint.

33.     If Apple were allowed to take down the Smart Space app, such conduct would prevent or hinder Smart Space's performance under the contracts it has with its many customers, and Apple knows this result would be likely and that its conduct would substantially be the cause of this harm.

34.     Based upon the above, an actual and justiciable case or controversy exists between Smart Space and Apple that if not resolved in favor of Smart Space will cause immediate and irreparable harm to Smart Space which is incalculable, as well as harm to all of the Russian citizens who use or want to use the Smart Space app, especially during the continuing Covid-19 crisis, so that immediate injunctive relief is required.

35.     Based upon the above, Smart Space will be irreparably harmed in an amount exceeding US $75,000, but believed to be far, far higher.

36.     Smart Space is entitled to a declaration that Apple not intervene in a Russian trademark dispute between two Russian entities operating their business in Russia, and as such, Smart Space is entitled to a declaration that Apple not take down the Smart Space app based upon the SSS complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Smart Space requests the Court enter judgment in its favor and against Apple, as follows:

A.     Declaring that Smart Space has complied with Apple's terms and conditions requiring the Written Assurance, and enjoining Apple from removing the Smart Space app from its App Store based upon the SSS complaint because doing would breach the implied covenant of good faith and fair dealing;

B.     Declaring that Apple not be allowed to commit intentional interference with prospective economic advantage by taking down the Smart Space app;

C.      Declaring that Apple not be allowed to commit negligent interference with prospective economic advantage by taking down the Smart Space app;

D.      Declaring that Apple not be allowed to commit intentional interference with contractual relationships by taking down the Smart Space app;

E.      Entry of a temporary restraining order and preliminary injunction enjoining Apple, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from taking down, or otherwise hindering the operation of, the Smart Space app based upon the SSS complaint;

F.      Damages exceeding US $75,000;

G.      Smart Space's attorneys' fees and costs of this Action; and

H.      That Smart Space be granted such other and further relief as the Court may deem just.


Dated:  October 21, 2021                          Respectfully Submitted,

                                                  BRAUNHAGEY & BORDEN LLP


                                                  By:    /s/ Ronald J. Fisher
                                                         Ronald J. Fisher

                                                  KAPLAN BREYER SCHWARZ LLP


                                                  By:    /s/ Michael Gilman
                                                         Michael Gilman

                                                  *Attorneys for Plaintiff SMART SPACE LLC*

1

## <u>JURY DEMAND</u>

2        Plaintiff Limited Liability Company "Smart Space" hereby demands a trial by jury on all

3  causes of action and claims so triable.

4

5  Dated:  October 21, 2021                              Respectfully Submitted,

6                                                        BRAUNHAGEY & BORDEN LLP

7
                                                         By: ___*/s/ Ronald J. Fisher*_____
8                                                              Ronald J. Fisher

9                                                        KAPLAN BREYER SCHWARZ LLP

10

11                                                       By: ___*/s/ Michael Gilman*_____
                                                              Michael Gilman
12
                                                         *Attorneys for Plaintiff SMART SPACE LLC*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT